. (*Circuit Court of Cook County.*)

### The People ex rel.

### vs.

### James Gilbert, Sheriff.

(April 26, 1893.)

1. CONSTITUTIONAL LAW—ACT OF APRIL 19, 1875, UNCONSTITUTIONAL. The act of April 19, 1875, entitled "An act to prevent frauds upon travelers and owner or owners or any railroad, steamboat, or other conveyance for the transportation of passengers"

comes within the section of the Constitution (Art. IV) which declares that the General Assembly shall not pass any special law granting to any corporation, association, or individual, any special or exclusive privilege, immunity or franchise whatever, and is unconstitutional and void.

2. ACT OF APRIL 19, 1875—CONSTRUCTION OF. Even under the act of April 19, 1875, a duly authorized ticket agent may sell tickets not only of the company from which he holds the authority but those of any railroad or steamboat owner.

3. HABEAS CORPUS. Petitioners were arrested under an indictment for selling railroad tickets, not being authorized to do so by the railroad whose tickets they sold. *Held* that this was no violation of the act of April 19, 1875.

Habeas corpus. Circuit court of Cook county. Heard before Judges Richard S. Tuthill, Edward F. Dunne and Samuel P. McConnell. Opinion by Judge McConnell.

## STATEMENT OF FACTS.

At the November term, A. D. 1892, of the criminal court of Cook county, six indictments were returned against railroad ticket brokers doing business in the city of Chicago, for selling tickets in violation of the statute of Illinois, passed in 1875 and entitled, "An act to prevent frauds upon travelers and owner or owners of any railroad, steamboat or other conveyances for the transportation of passengers (approved April 19, 1875, in force July 1, 1875). On April 3, 1893, two of the brokers filed a petition for *habeas corpus* before Judge McConnell, two before Judge Tuthill and two before Judge Dunne. The petition averred that the indictments charged no offense known to the law of the state of Illinois; also that the statute was in violation of the commerce clause of the federal constitution, and in violation of the 14th amendment to the federal constitution, and in violation of the various provisions of the constitution of Illinois. The three judges sat together and heard the cases.

*Richard Prendergast,* attorney for relators.

*Wm. S. Forrest* and *Moritz Rosenthal,* attorneys for defendant.

TUTHILL, J.:—In the matter of the petition for *habeas corpus* filed before each of the judges sitting, I wish to say that in the opinion which will be rendered the judges all agree on all the points of it, having discussed it fully, and Judge McConnell has prepared the opinion and I will ask him to read it.

McCONNELL, J.:—

This law is a very peculiar one. It provides that it shall be the duty of the owner or owners of any steamboat or railroad to provide their agents with a certificate setting forth the authority of such agents respectively to make such sales. In sec. 2 of the act it provides that it shall not be lawful for persons not provided with such authority to sell, barter, or transfer any tickets or any evidence of the holder's title to travel on any railroad or steamboat. The second section reads as follows: "That it shall not be lawful for any person not possessed of such authority, so evidenced, to sell, barter, or transfer, for any consideration whatever, the whole or any part of any ticket or tickets, passes or other evidences of the holder's title to travel on any railroad or steamboat, whether the same be situated, operated or owned within or without the limits of this state." The plain reading of this act is, that any duly authorized agent of any railroad or steamboat may sell not only the tickets and parts thereof of the company from which he holds this authority, but those of any railroad or steamoat owner. The indictments in these cases before us are all based upon the theory that this law is violated if a person shall sell the ticket of a railroad company if not authorized by that particular company to do so. The law is plainly otherwise. He may not be authorized by a Wabash company to sell tickets, but he may sell tickets over the Wabash line if authorized by the Rock Island company to sell tickets over the Rock Island line. In each of the indictments before us it is averred that the defendant sold a ticket over a particular line, not being authorized by the corporation owning that line to sell its tickets. It does not follow that

each of the defendants may not have been authorized by the owner of some other railroad to do so. The consideration alone makes these indictments bad. None of them show a violation of this statute. Upon this ground the petitioners must be discharged.

Taking this view of the case it is unnecessary for us to pass upon the constitutionality of the law which was so fully argued before us; still we can not forbear to call attention to some striking peculiarities of this statute.

In the peculiar provision just discussed and in others, also, there is a difference between our statute and those of either Pennsylvania or Indiana, where statutes of similar import have been declared by the courts of these states respectively to be valid. Under our statute any railroad or steamboat corporation may appoint agents to sell, barter or transfer the whole or parts of railroad tickets on any line, excluding any other person or corporation from such a privilege. It may be suggested that this is a very remarkable and unusual delegation of the sovereign power of the state. It may also be remarked that it comes within the constitutional inhibition of sec. 22, art. 4 of the state constitution, which declares that the general assembly shall not pass any special law granting to any corporation, association or individual, any special or exclusive privilege, immunity or franchise whatever.

Again it may be observed that considering this law as a police regulation by the state by means of license, it is unique in that it delegates to corporations not vested of governmental power, the licensing power of the state. The act also bears intrinsic evidence of hasty preparation and slight legislative reflection.

In sec. 1 of the act it is made the duty of the owner or owners of any railroad or steamboat for the transportation of passengers to provide each agent who may be authorized to sell tickets or other certificates entitling the holder to travel upon any railroad or steamboat, with a certificate setting forth the authority of such agent to make such sales; which certificate shall be duly attested by the corporate seal of the owner of such railroad or steamboat.

Sec. 2 makes it unlawful for persons not' possessed of such authority, so evidenced, to sell, barter or transfer, for any consideration whatever, tickets over any railroad or any steamboat. It seems to follow from this that the owner of a railroad or steamboat, if not incorporated, may not appoint agents, because he can not give a certificate with a corporate seal. It seems also to follow, that it would be unlawful for any agent of a private owner of a railroad or steamboat to sell tickets for the owner thereof. If the statute is susceptible of this construction, it can not be held to be valid.

It seems proper to us to make these comments, in view of the elaborate arguments made before us, and the extended consideration we have given the question involved.

### NOTE.

The above opinion was referred to by the supreme court in *Re Burdick*, 162 Ill. 48, 63. See, also, the note to the case of *People ex rel. v. Pease* (in this volume) referring to the above case.—Ed.